SHIVERS, Judge.
Appellant’s real property was partially destroyed by fire on June 23, 1977. At the time of the fire, appellant owned a homeowner’s policy issued by Travelers with limits of $20,000 for the insured dwelling, $10,-000 for unscheduled personal property, and $4,000 for additional living expenses. The Travelers’ policy contained the following provisions:
“This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.”
“The company shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than (1) the applicable limit of liability under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers *372 against the additional peril or perils insured hereunder. . . . ”
On June 8, 1977, appellant was notified •by Travelers that her Travelers policy would be cancelled effective July 8, 1977. On June 16, 1977, appellant purchased a homeowners policy on the same premises from State Farm Fire and Casualty Company which contained limits of $29,000 for the insured dwelling, $14,500 for unscheduled personal property, and $5,800 for additional living expenses. Appellant misstated on the application for the State Farm policy that she had never received a notice that insurance on the premises would be can-celled.
Appellant applied for benefits under both policies. State Farm refused to pay benefits under its policy on the grounds of the misstatement in the application, and returned the premium. Travelers refused to pay the full claim, but did pay prorated benefits pursuant to the provisions quoted above.
Appellant brought suit against Travelers and State Farm to collect benefits under the respective policies. State Farm counterclaimed to rescind its policy. The trial court granted State Farm’s motion for summary judgment which had the effect of ruling that the policy was void from the date of issuance because of the misrepresentation. Travelers thereafter moved for summary judgment alleging that it was liable only for prorated benefits and that those benefits had been paid. The trial court granted Travelers’ motion for summary judgment. This appeal is from the summary jüdgment entered in favor of Travelers. The- summary judgment entered in favor of State Farm is not involved.
There is no Florida decision that is dispos-itive of this matter, and there is a division of authority from other jurisdictions. We recognize the general validity of pro rata contribution clauses. Such provisions take away any motive the property owner might have to destroy his property or to fail to take all reasonable steps to save his property. Additionally, insurance companies are relieved of the burden of litigating the col-lectibility of other policies covering the property.
 Whether the pro rata contribution provisions of the Travelers policy encompass the State Farm policy that was void from the time of issuance depends on the construction given these provisions. Ambiguous provisions in insurance contracts are liberally construed and enforced so as to protect the insured. Here the insured paid a full premium to Travelers and suffered a loss. The State Farm policy was declared void upon the pleading and proof of State Farm. There is no evidence of fraud. We construe the pro rata provisions as applying only to other valid insurance policies, “whether collectible or not.” Travelers is not entitled to prorate benefits under the facts of this case.
Reversed and remanded for proceedings consistent with this opinion.
McCORD and LARRY G. SMITH, JJ., concur.